UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFF TITUS,

     Plaintiff,

v.                                      Hon. Hala Y. Jarbou

MICHAEL WERKEMA, et al.,          Case No. 1:23-cv-00997

     Defendants.

**ORDER REGARDING SETTLEMENT CONFERENCE**

**IT IS HEREBY ORDERED**:

A continued early settlement conference is scheduled for **May 9, 2025, at 9:15 AM** before the Honorable Sally J. Berens, **by video**.

1.    <u>Persons Required to Attend.</u> All parties and the attorneys who are to conduct the trial shall attend the settlement conference in person unless specifically excused by the Court after a written motion and order (or as otherwise directed, such as in an order that the settlement conference will take place by videoconference). W.D. Mich. LCivR 16.6. Where the party is not a natural person, a representative of the party with full settlement authority must attend. The person with settlement authority must come with authority to accept, without further contact with another person, the settlement demand of the opposing party. In addition, where a party is insured, a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand shall also attend. When a settlement conference is held by videoconference, all participants must have working video/audio equipment, be visible and audible throughout the proceedings, be dressed appropriately for a court proceeding, be in a location where they will not be distracted or disturbed

during the entire duration of the proceeding, and be prepared to participate in the same manner as if they were physically in a courthouse.

      2.    <u>Settlement Letter to Opposing Party.</u> A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, at least **14** days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than **seven** days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. This may lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall deliver or e-mail copies of these letters to chambers no later than **three business days** before the conference. Letters should be mailed, hand delivered, or emailed to berensmediation@miwd.uscourts.gov. Do not file copies of these letters in the case.

      3.    <u>Confidential Settlement Letter to Court.</u> In addition, **three business days** before the conference, each party or their attorney shall submit to Judge Berens's chambers a confidential letter concerning settlement. Letters should be mailed, hand delivered, or emailed to berensmediation@miwd.uscourts.gov. A copy of this letter need not be provided to any other party. Do not file a copy of this letter in the case. All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer. The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certificate on that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties

2

added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses; (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement. Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

4.    Case Manager: Confidential submissions or any question concerning this order or the settlement conference should be directed to Julie Lenon, Judicial Assistant to Magistrate Judge Sally J. Berens, (616) 456-2528.

Dated: January 16, 2025                           /s/ Sally J. Berens
                                                 SALLY J. BERENS
                                                 U.S. Magistrate Judge