UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF TITUS, individually;

      Plaintiff,

-v-

MICHAEL WERKEMA, in his
individual capacity,

      Defendant.

No.  23-cv-00997
Hon.  Hala Y. Jarbou
Mag. Sally J. Berens

---

### PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S ALLEGED BAD ACTS

Plaintiff Jeff Titus, by and through his undersigned counsel, moves the Court for an order excluding all evidence of and reference to alleged bad acts at the trial of this matter, stating the following:

1. The undersigned counsel certifies that he communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter denied concurrence.

2. In this § 1983 action, Plaintiff alleges that the unconstitutional misconduct of Defendant, including his failure to provide to Plaintiff all exculpatory and impeachment evidence he acquired as required under *Brady*, caused his wrongful conviction and 20-years of imprisonment.

3.      At trial, to deflect attention from the question of whether Defendant committed this serious misconduct, his counsel may seek to introduce evidence regarding alleged bad acts by Plaintiff. These alleged acts include threats to trespassers on his property in the months before the November 17, 1990, killing.

4.      Any effort by Defendant to develop these acts is neither relevant to the actual issues in this case nor admissible as evidence of guilt.

5.      None of these alleged bad acts have any bearing on the central questions of liability in this action, i.e., whether Defendant withheld from the prosecutor evidence that would have impeached the credibility of Bonnie Huffman, the only witness to place Plaintiff near the murder scene near the time of the killings.

Accordingly, as set forth below, any such evidence should be excluded as its overwhelmingly prejudicial value vastly outweighs any conceivable probative value. Further, if admitted, this evidence would waste trial time, confuse the issues, and invite the jury to draw impermissible character inferences against Plaintiff.

Plaintiff relies on the evidence and authorities in the attached brief in support of the instant motion.

Plaintiff requests that this Court GRANT his Motion *in Limine* to Exclude Evidence and Argument About Plaintiff's Alleged Bad Acts.

Respectfully submitted,

*s/Wolfgang Mueller*

WOLFGANG MUELLER (P43728)
**MUELLER LAW FIRM**
Attorney for Plaintiff Jeff Titus
41850 W. Eleven Mile, Ste. 101
Novi, MI 48375
(248) 489-9653
wolf@wolfmuellerlaw.com

Dated:  April 13, 2026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF TITUS, individually;

      Plaintiff,

-v-

MICHAEL WERKEMA, in his
individual capacity,

      Defendant.

No.  23-cv-00997
Hon.  Hala Y. Jarbou
Mag. Sally J. Berens

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE OF PLAINTIFF'S ALLEGED BAD ACTS**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES................................................................................i

STATEMENT OF ISSUES PRESENTED............................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..............................iv

LOCAL RULE CERTIFICATION .......................................................................v

BACKGROUND FACTS.................................................................................1

LEGAL ARGUMENT

     I.    STANDARD FOR MOTION *IN LIMINE* .............................................3

    II.   EVIDENCE OF PLAINTIFF'S THREATENING CHARACTER OR ALLEGEDLY WIPING A GUN HE FOUND AT THE MURDER SCENE AFTER THE MURDER IS IMPROPER CHARACTER EVIDENCE OR IRRELEVANT AND UNDULY PREJUDICIAL.......4

         A.    Defendant's evidence is barred by Fed.R.Evid. 404(b).................5

         B.    Defendant's evidence is irrelevant and unduly prejudicial ...........6

REQUEST FOR RELIEF .................................................................................8

# INDEX OF AUTHORITIES

**FEDERAL CASE(S):**

*Brady v. Maryland,*
  373 U.S. 83 (1963) ...................................................................................1, 7

*Frye v. CSX Trans., Inc.,*
  933 F.3d 591, 598 (6th Cir. 2019) ..........................................................4

*Harbison v. Bell,*
  408 F.3d 823, 830 (6th Cir.2005) ...........................................................2

*Louzon v. Ford Motor Co.,*
  718 F.3d 556, 561 (6th Cir. 2013) ..........................................................4

*Paschal v. Flagstar Bank,*
  295 F.3d 565, 576 (6th Cir. 2002) ..........................................................4

*Romstadt v. Allstate Ins.,*
  59 F.3d 608, 615 (6th Cir. 1995) .........................................................4, 7

*Strickler v. Greene,*
  527 U.S. at 282-82; 119 S.Ct. at 1948..................................................2

*Sykes v. Anderson,*
  625 F.3d 294, 308-09 (6th Cir. 2010)......................................................1

*United States v. Clay,*
  667 F.3d 689, 696 (6th Cir. 2012) ..........................................................5

*United States v. Dixon,*
  413 F.3d 540, 544 (6th Cir. 2005) ..........................................................4

*United States v. Johnson,*
  27 F.3d 1186, 1193 (6th Cir. 1994)..........................................................6

*United States v. Luce,*
  713 F.2d 1236, 1239 (6th Cir. 1983) .......................................................4

**COURT RULE(S):**

Fed.R.Evid. 401 ................................................................................................ 3, 4, 6

Fed.R.Evid. 402 ................................................................................................ 3, 4, 6

Fed.R.Evid. 403 ................................................................................................ 3, 4, 7

Fed.R.Evid. 404 ....................................................................................................5

Fed.R.Evid. 404(a)(1) ...........................................................................................5

Fed.R.Evid. 404(b)................................................................................... 3, 4, 5

Fed.R.Evid. 404(b)(1) ...........................................................................................5

Fed.R.Evid. 404(b)(2) ...........................................................................................6

Rule 404(b)(3)........................................................................................................5

## STATEMENT OF ISSUES PRESENTED

I.     Whether the Court should exclude evidence and argument of Plaintiff's alleged bad acts or character at the trial of this matter.

Plaintiff states: "Yes."

Defendant states: "No."

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Federal Rule of Evidence 401, 402, 403, and 404(b)

*United States v. Clay*, 667 F.3d 689 (6th Cir. 2012)

## <u>LOCAL RULE CERTIFICATION</u>

I, Wolfgang Mueller, certify that this document complies with Local Rule 5.1(a), including:  double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

## BACKGROUND FACTS

This is a wrongful conviction case arising out of Plaintiff, Jeff Titus', 2002 first-degree murder conviction in the November 17, 1990, murders of James Bennett and Doug Estes at the Fulton State Game Area ("FGA"). Mr. Titus was convicted and sentenced to life in prison without the possibility of parole, based only on circumstantial evidence, despite a complete absence of physical evidence, eyewitness testimony, or a confession.

Plaintiff's claims, as relevant here, involved Defendant's failure to disclose evidence of a serial killer of hunters named Thomas Dillon, and his failure to disclose evidence of a prior statement made by Bonnie Huffman, which would have impeached her trial testimony that placed Plaintiff near the scene of the murders shortly afterward, which contradicted his alibi that he was hunting 27 miles away at the time of the killing.

Due to the Court's ruling on summary judgment, Plaintiff's sole claim involves the non-disclosure of the Bonnie Huffman evidence regarding the time she saw Titus at her parent's house. This is a *Brady* claim, not one for malicious prosecution, where lack of probable cause is an element. *See Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (a Fourth Amendment claim malicious prosecution includes an element of lack of probable cause).

A plaintiff establishes a *Brady* violation by showing "that (1) the evidence at

1

issue is favorable to him; (2) the State, either willfully or inadvertently, suppressed that evidence; and (3) prejudice ensued." *Harbison v. Bell,* 408 F.3d 823, 830 (6th Cir. 2005) (*citing Strickler v. Greene,* 527 U.S. 263, 282; 119 S.Ct. 1936; 144 L.Ed.2d 286 (1999)).

Evidence of Plaintiff's alleged threats against trespassers or allegedly wiping down a rifle to eliminate fingerprints have no bearing on the very limited issue in this case. The jury will decide whether Defendant was aware of the Bonnie Huffman evidence and whether Defendant Werkema failed to disclose the evidence to the prosecutor.[1]

At Plaintiff's criminal trial, the prosecutor launched into a full-blown character assassination effort against Plaintiff, parading several witnesses who testified that they had encounters with Mr. Titus on his property that abutted the Fulton State Game Area. In closing argument, the prosecutor stated:

> Obsession: a persistent, disturbing preoccupation with an often unreasonable idea or feeling or a compelling motivation. We've all experienced obsessive feelings before in our lives about one thing or another, to one degree or another.
>
> The evidence of his obsession of (sic) overwhelming. Consider first just a few of his comments to others: that he patrolled his property to keep people off. That's the use-the word he used in speaking with Irene Gruell in describing what he did to keep people off his property. How many people do you know that would go to that

---

[1]  Since Defendant's position is that he was not aware of the Bonnie Huffman evidence – and denies it even existed – the issue of whether he disclosed it to the prosecutor is really a moot point.

length just to make sure no one steps foot on their land?

Another: that he wouldn't have any problem shooting somebody in the back if they were on his property. He told that to Donna Hutchins.

A third statement: that he would hang 'em and skin 'em if he ever caught someone poaching on his land-or so he told Marcia Alcook.

But those are just some of his words. His actions also speak loudly about his obsession, an obsession explaining his actions; an obsession that existed before November 17, 1990, and into the years that followed.

**(Transcript, Prosecutor closing argument, pp. 1111, 1113, Exhibit 1**).

Following that lead, at deposition, Defendant's counsel inquired into:

1.      People reporting that Plaintiff threatened them. **(Pl. dep., pp. 112-114, Exhibit 2)**.

2.      It was reported he wiped a gun clean that he found at the murder scene the next day. *Id*. at 139.

3.      His being fired from his police officer job at the Veteran's Administration facility for alleged sexual harassment of women. *Id*. at 194-195.

The Court should rule that Defendant's proposed evidence is barred by Fed.R.Evid. 404(b) and is irrelevant or unduly prejudicial under Rules 401 – 403.

## LEGAL ARGUMENT

### I.      STANDARD FOR MOTION *IN LIMINE*

Evidentiary rulings are made subject to the district court's sound discretion.

3

*Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6ᵗʰ Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6ᵗʰ Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and minimum prejudicial value.").

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6ᵗʰ Cir. 1983). It is a procedural vehicle "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6ᵗʰ Cir. 2013).  The court has "broad discretion … in determinations of admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overruled." *United States v. Dixon*, 413 F.3d 540, 544 (6ᵗʰ Cir. 2005) (quoting *Romstadt v. Allstate Ins.*, 59 F.3d 608, 615 (6ᵗʰ Cir. 1995)).

## II.    EVIDENCE OF PLAINTIFF'S THREATENING CHARACTER OR ALLEGEDLY WIPING A GUN HE FOUND AT THE MURDER SCENE AFTER THE MURDER IS IMPROPER CHARACTER EVIDENCE OR IRRELEVENT AND UNDULY PREJUDICIAL.

Any evidence of Plaintiff's threats to trespassers on his property or that he allegedly found a long gun at the murder scene that was missed by police investigators is improper character evidence, Fed. R. Evid. 404(b), and irrelevant to the narrow issues in the case.  Fed.R.Evid. 401-403.

4

## A.    Defendant's evidence is barred by Fed.R.Evid. 404(b).

Fed.R.Evid. 404 bars the use of evidence of a person's character trait "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed.R.Evid. 404(a)(1). Specifically, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1).

Bad acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404(b)(2). When determining whether to admit Fed.R.Evid. 404 evidence, a district court must follow a three-step process: (1) the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place; (2) the district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b); and (3) the district court must determine whether the "other acts" evidence is more prejudicial than probative.

Courts must use caution in allowing such evidence, because "[e]vidence of other bad acts undoubtedly has a powerful impact on a juror's mind." *United States v. Clay*, 667 F.3d 689, 696 (6th Cir. 2012). "[W]hen prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the

5

jurors will use the evidence precisely for the purpose it may not be considered: to suggest that the defendant is a bad person . . . and that if he did it before he probably did it again." *Id.* (quoting *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994)) (internal quotation marks omitted).

Since this is not a criminal trial, bad acts evidence offered for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed.R.Evid. 404(b)(2), has no bearing on the elements in this case.

Defendant's only purpose for attacking Plaintiff's character is similar to the prosecutor in the criminal trial, who had no evidence linking Plaintiff to the killings but for Bonnie Huffman's trial testimony: to have the jury despise the Plaintiff and believe he was guilty of murder, because no jury will reward a murderer.

### B.   **Defendant's evidence is irrelevant and unduly prejudicial.**

Fed.R.Evid. 401 states that "relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id*. "Irrelevant evidence" is inadmissible. Fed.R.Evid. 402.

A court may exclude relevant evidence if its probative value is "substantially outweighed by the danger of … unfair prejudice, confusing the issues, misleading

6

the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403. "Broad discretion is given to district courts in determinations of admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overruled." *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995) (citation and internal quotation marks omitted).

The instant case involves alleged exculpatory and/or impeachment evidence that was not turned over to the prosecutor by Defendant, Michel Werkema. It relates to evidence known to Werkema before Plaintiff was convicted by a jury on July 19, 2002, in connection with the November 17, 1990, murder of two hunters at the Fulton State Game Area in Kalamazoo County. The elements of a *Brady* claim have nothing to do with any issue in this case. Thus, the evidence is completely irrelevant and should be barred.

If the Court determines that the evidence has some marginal probative value, it would be "substantially outweighed by the danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

Plaintiff's murder conviction in the underlying incident has been vacated and criminal charges dismissed. Defendant's counsel has stated that they do not intend to prove that Plaintiff was guilty of murder. Any evidence of Plaintiff's "bad character" would necessarily cause this civil case to devolve into a retrial of

7

his murder case.

The State of Michigan will not retry the decades old criminal case. Instead, Defendant wants to introduce the bad character evidence to convince the jury that Plaintiff is a double murderer. And it would do so under a lower "preponderance of evidence" standard for civil cases instead of the higher "beyond a reasonable doubt" burden of proof in criminal cases.

While defense counsel claims that it will not claim that Plaintiff was guilty, juries -- as lawyers often remind them -- do not check their common sense at the jury room door. There would be no point introducing the "bad character" evidence in this trial except to let the jury conclude that he was guilty, simply to limit damages.

The evidence should be barred because it would lead to confusion of the issues for the jurors, as they would now be introduced to character evidence that has nothing to do with this case. And it would be highly prejudicial to Plaintiff because it would plant a seed in the minds of the jury that "Titus must be a bad seed because he threatened people on his property and then two hunters were shot adjacent to the property."

## REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court GRANT his Motion in Limine and preclude Defendant from introducing evidence

or argument that Plaintiff threatened trespassers, found and cleaned a gun near the

murder scene, and sexually harassed women.

Respectfully submitted,

*s/Wolfgang Mueller*
WOLFGANG MUELLER (P43728)
**MUELLER LAW FIRM**
Attorney for Plaintiff Jeff Titus
41850 W. Eleven Mile, Ste. 101
Novi, MI 48375
(248) 489-9653
wolf@wolfmuellerlaw.com

Dated:  April 13, 2026

---

**CERTIFICATE OF SERVICE**

    I hereby certify that on 04/13/26, I electronically filed the attached motion with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

    I further hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A

s/Wolfgang Mueller
MUELLER LAW FIRM
41850 W. Eleven Mile, Ste. 101
Novi, MI 48375
248-489-9653
wolf@wolfmuellerlaw.com
(P43728)

9